UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



STEPHEN A. BROWN,

    Plaintiff,

v.                                             Case No.: 8:19-cv-01430-JSM-SPF

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO FILE UNDER SEAL

Defendant, HOME DEPOT U.S.A., INC. ("HOME DEPOT"), by and through undersigned counsel, and pursuant to Local Rule 1.09, hereby files this Motion to Seal, and in support thereof, states as follows:

1. This is a personal injury case wherein Plaintiff is alleging that he tripped and fell on Defendant's premises. *See Plaintiff's Complaint* ¶¶ 8,11 (D.E. 1).

2. Due to the competitive nature of Defendant's business and in anticipation of the sensitive trade secret and proprietary documents that may be sought through discovery, the parties entered into a confidentiality agreement to govern certain material involved in this litigation. See Agreed Confidentiality Stipulation and Protective Order [D.E.10].

3. "The Eleventh Circuit [has] ruled that a party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* Documents which contain trade secrets are the proper subject of a motion to file under seal. *Teledyne Instruments, Inc. v. Cairn,* 6:12-CV-854-ORL-28TB, 2013 WL 5874584, at *1 (M.D. Fla. Oct, 2013); *Wi-LAN USA, Inc. v. Telefonaktiebolaget TM Ericsson & Ericsson Inc.,* 12-23569-CV, 2015 WL 12976849, at *3 (S.D. Fla. Apr. 17, 2015) (sealing documents referencing

Ericsson's RRM specification "which explains in minute detail the mechanics of Ericsson's confidential and proprietary uplink bandwidth allocation algorithm."). The same holds true for internal documents discussing business strategy and planning. *See, e.g., Cowan v. GE Capital Retail Bank*, 2015 WL 132488, at *3 (N.D. Cal. Mar. 24, 2015) (granting sealing request as to documents containing "confidential strategies and policies and procedures"); *Apple, Inc. v. Samsung Elecs. Co.*, 2013 U.S. Dist. Lexis 386825, at *17-18 (N.D. Cal. Mar. 19, 2013) (granting sealing request as to documents containing "internal business strategy and planning"); *Arbinet-Thexchange, Inc. v. Mashinsky*, 2006 WL 2828469, at *2 (D.N.J. Sept. 28, 2006) (granting sealing request as to documents containing "competitive strategies and assessments of business opportunities").

4. Here Defendants seeks to file the surveillance video of the incident which HOME DEPOT's technology captured which pertains to confidential and proprietary commercial information and public disclosure of this video would be detrimental to HOME DEPOT's business interest in support of its Motion for Summary Judgment. HOME DEPOT is the leading home improvement retailer and maintains its competitive advantage, in part, by being at the forefront of its practices and operations. HOME DEPOT strictly controls the dissemination of its surveillance footage and it is not published and/or disseminated. If HOME DEPOT's surveillance videos are made available to the public, HOME DEPOT would be concerned that it would lose its competitive advantage as a result of internal and confidential business procedures and information being made available to the public, including its competitors. HOME DEPOT's internal business practices and procedures would be valuable to HOME DEPOT's competitors.

5. Applying the relevant legal standards, the Court should conclude that the harm that HOME DEPOT will sustain through disclosure of this confidential information outweighs any

marginal public interest in disclosure. While sealing the above-requested document will not impair court function, not sealing them will harm legitimate privacy interest and may cause injury. There is not a less onerous alternative to sealing the documents.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court maintain under seal the documents described above.

## Rule 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned has attempted to confer with counsel for the Plaintiff and counsel has not responded to Defendant's requests regarding agreement or objections to Defendant's Motion.

Dated: April 16, 2020.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this date, a true and correct copy of the foregoing was filed with the Clerk of the Court via hand delivery and an electronic copy was furnished to attorney **Christopher J. Donegan, Esq., KEMP, RUGE & GREEN LAW GROUP**, 2049 Welbilt Boulevard, Trinity, FL 46655, chris@krglawgroup.com, krice@krglawgroup.com, *Counsel for Plaintiff,* on this 16th day of April, 2020, via E-Mail.

> LUKS, SANTANIELLO, PETRILLO & COHEN
> 100 N Tampa Street, Suite 2120
> Tampa, FL 33602
> Tel: 813/226-0081; Fax: 813/226-0082
> *Counsel for Defendant, Home Depot U.S.A., Inc.*
> Primary: **LuksTpa-Pleadings@LS-Law.com**
> Secondary: **SMazuchowski@LS-Law.com**
>
> /s/ Susan K. Mazuchowski
> **ANTHONY J. PETRILLO, ESQ.**
> Board Certified Civil Trial Lawyer
> Florida Bar No. 874469
> **SUSAN K. MAZUCHOWSKI, ESQ.**
> Florida Bar No. 91188